DETERMINED IN THE

# COURT OF ERRORS AND APPEALS.

OF THE

## STATE OF NEW JERSEY,

NOVEMBER TERM, 1893.

---

HELEN BURNET, PLAINTIFF IN ERROR, v. JONATHAN H. CRANE, DEFENDANT IN ERROR.

A mere right of way over the *locus in quo* will not justify its exclusive possession by the person to whom that right may belong, and its existence will not constitute a sufficient defence to an action of ejectment by the owner of the fee.

On error to the Union Circuit Court.

Action of ejectment to recover possession of a triangular piece of land in the city of Elizabeth, which lies between the southerly side of Westfield avenue and the former centre line of Golden street.

Before the opening of Westfield avenue and the vacation of Golden street, as hereinafter stated, the defendant in error was indisputably the owner of the land at the *locus in quo*, north of the centre line of Golden street, and the plaintiff in error was the owner of the land south of that center line.

In 1869 and 1870 Westfield avenue was laid out and opened, so that it ran across Golden street at an acute angle. Its southerly boundary reached the land of the plaintiff in error, in Golden street, about twenty feet from the point at which that boundary crossed the centre of Golden street, and, continuing in the plaintiff's land that distance, crossed the centre of Golden street into land of another owner, who is not a party to this suit, and, continuing therein a few feet, entered land of the defendant in error, the same being in Golden street, north of its centre, and continued therein a considerable distance through the defendant's land, of which distance the first one hundred and thirteen feet is in front of the land of the plaintiff, that is, beginning about four and a half feet north of the centre of Golden street and running northeasterly until, at the end of one hundred and thirteen feet, the line is nineteen and two-tenths feet north of the centre of Golden street, thus forming, substantially, a triangle of the defendant's land, between the land of the plaintiff, bounding on the centre of Golden street and the southerly side of Westfield avenue, the hypothenuse of which is the southerly side of Westfield avenue and the base is the centre of Golden street.

Upon the opening of Westfield avenue, the plaintiff in error extended her fences so as to include within them the triangle in question, and thereby took exclusive possession of the *locus in quo.*

In December, 1887, the public easement in the land which was in Golden street, outside the limits of Westfield avenue, was surrendered by proceedings in vacation, in virtue of provisions of the city charter, and thereafter the defendant brought this suit to recover possession of the triangle described. The plaintiff in error defended the action upon the ground that, although the public easement in the defendant's land in Golden street may have terminated, she nevertheless, as abutting landowner, had a private right of way thereover. At the Circuit it was ruled that this insistment, if well founded, did not constitute a sufficient defence or bar to

the action, and, accordingly, judgment was entered for the plaintiff there.

For the plaintiff in error, *Patrick H. Gilhooly.*

For the defendant in error, *Frank Bergen.*

The opinion of the court was delivered by

THE CHANCELLOR. The existence of the easement claimed by the plaintiff in error will not justify the exclusive possession which she has taken of the land. Such possession is not necessary to or authorized by a mere right of way, and is inconsistent with the right of the defendant in error, which the present action is brought to vindicate. A clear and generally-accepted exposition of the law here applicable is found in the language of Mr. Justice Bigelow, in *Morgan* v. *Moore,* 3 *Gray* 319, 322 : "It is no answer to this action [action by writ of entry] that the tenant is the owner of an easement in the demanded premises, and has therefore the right, as against the demandants, to use it forever as a passageway. The right to a fee and the right to an easement in the same estate are rights independent of each other, and may well subsist together when vested in different persons. Each can maintain an action to vindicate and establish his right, the former to protect and enforce his seizin of the fee, the latter to prevent a disturbance of his easement. The demandants can therefore well maintain their writ of entry, because, as the tenant is in, occupying the entire premises and denying the demandants' seizin, this is the appropriate remedy by which to assert their title to the fee. And their recovery in this action will in no way affect or impair the rights of the tenant in the easement in the premises."

The correctness of this statement was recognized by Mr. Justice Depue, who, in writing the opinion of the Supreme Court of this state, in *Hoboken Land and Improvement Co.* v. *Mayor, &c., of Hoboken,* 7 *Vroom* 540, said that, although it had been decided by the Supreme Court of the United

States that a municipal corporation may defend ejectment at the suit of the owner of the fee, by setting up the right of possession in a street or common under the rights acquired by the public in a dedication to a public use, the rule was otherwise in case the servitude was a mere private easement. In *Wright* v. *Carter*, 3 *Dutcher* 76, ejectment was brought by the owner of a fee in a highway, among other things, because of the erection of a toll-house in the highway on his land. The Supreme Court held that .the toll-house was not a servitude additional to the public easement of way, but upon that point the Court of Errors and Appeals, without opinion, reversed the decision, the effect of the reversal being to establish the right of the plaintiff in ejectment to recover subject to the easement of way against. the appropriation of the land to a purpose not within the limits of the easement. *State* v. *Lavarack*, 5 *Vroom* 201 ; *Wuesthoff* v. *Seymour*, 7 *C. E. Green* 66 ; *Citizens' Coach Co.* v. *Camden Horse Railroad Co.*, 6 *Stew. Eq.* 267.

The rule stated is not only well founded in principle but is also sustained by authority. *Goodtitle* v. *Alker*, 1 *Burr.* 133 ; *Hancock* v. *Wentworth*, 5 *Metc.* 446 ; *Jamaica Pond Aqueduct Co.* v. *Chandler*, 9 *Allen* 159 ; *Proprietors, &c.*, v. *Nashua and Lowell Railroad Co.*, 104 *Mass.* 9 ; *Reformed Church* v. *Schoolcraft*, 65 *N. Y.* 134 ; *Strong* v. *City of Brooklyn*, 68 *Id.* 11 ; *Cooper* v. *Smith*, 9 *Serg. & R.* 26, 31 ; *Warwick* v. *Mayo*, 15 *Gratt.* 528, 548 ; *Boyling* v. *Mayor, &c.*, 3 *Rand.* 563 ; *Sedg. & W. Trial Tit. Land*, § 132 and note.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, LIPPINCOTT, REED, BOGERT, KRUEGER, PHELPS, SMITH.    10.

*For reversal*—ABBETT.    1.