THE OCEAN GROVE CAMP MEETING ASSOCIATION OF THE METHODIST EPISCOPAL CHURCH, PLAINTIFF IN ERROR, v. SOPHIE W. BERTHALL, DEFENDANT IN ERROR.

Submitted March 27, 1899—Decided June 19, 1899.

1. ' The action of ejectment by the local municipal authority is the appropriate remedy against a person unlawfully encroaching upon a public highway under its control.
2. Such action may be brought for so much only of the highway as is unlawfully in the occupancy of the defendant.
3. The existence in the defendant of a right in the nature of an easement does not render the action of ejectment an inappropriate remedy for an unlawful possession.

————————————

    On error to the Supreme Court.    For opinion of the Supreme Court see 33 *Vroom* 88.

An action of ejectment was brought in the Circuit Court, where judgment was given for the defendant, which was, upon writ of error to the Supreme Court, affirmed. The following is the resolution adopted by the plaintiff corporation :

" Whereas, at the suggestion of the lot-holders on the lines of the avenues extending from Central to Ocean (exclusive of Ocean pathway, Main avenue and Broadway), the association proposed to change the present roadways in said avenues, so that a roadway and sidewalk shall be opened in the middle of said avenues, and the ground intervening between the new sidewalks and the present lines of lots be kept for ornamentation and the use and enjoyment of said lot-holders, on the conditions and agreements following :

" (Provided that said change shall not be made in any avenue unless three-fourths of the lot-holders bordering on the same shall have first assented thereto by signing the following agreement—each lot-holder to have one vote for every thirty running feet owned by him.)

" Now, therefore, we whose names are hereto subscribed, being lot-holders on............avenue, between Central and Ocean avenues, in Ocean Grove, New Jersey, do hereby agree with the Ocean Grove Association of the Methodist Episcopal Church, and with each other, as follows :

"*First.* That in consideration of the association changing the roadways and sidewalks, as now existing, and placing the same in the middle of the avenues extending from the east line of Central avenue to the west line of Ocean avenue, and allowing the lot-holders bordering on the said avenues the exclusive use and enjoyment (except as hereinafter set forth) of the plots of ground which may thus be made between the lines of the said new sidewalks and the present front line of our lots, for the purpose of ornamentation by sodding, planting and cultivating flowers and shrubbery, or such other ornamentation as may first be approved by the proper officers of the association ; or will sod the said land between the line of the present lots and the new sidewalk, and keep the same in good sod and in a cleanly and orderly state ; or, if we prefer it, will give the said land a good top-dressing of soil

suitable for flowers and ornament the same with flowers and shrubbery; or in some other manner approved by the proper officers of said association, reserving a walk from our lots to said sidewalk; and that we will ever keep the same free from weeds and in a cleanly and orderly state, renew the flowers or other ornamentation and the sod yearly, if necessary, and in default of so doing the said association may cause the same to be done and assess the expense against our respective lots; but no trees shall be planted in said plots, except proper shade trees on the line of the curbing; nor shall any building or structure of any kind be erected or permitted; nor any poles or lines overhanging with clothes on said plots, nor any use of the same for any purpose other than above stated.

" *Second.* Front fences along the new sidewalk and division fences, not over two and a half feet in height, may be erected; such fences to be light, and in no case shall a tight board fence be erected.

"*Third.* It is understood that no title whatever for the plots of ground above mentioned passes to the holders of lots by this arrangement, but that the said plots between our lots and the new sidewalk remain as now, a part of the property of the association.

"*Fourth.* The said association shall be at liberty at any time hereafter to make the whole of said avenues, or such part thereof as the public welfare may require, in the judgment of the association or executive committee, a roadway for travel and to re-arrange the sidewalks if they deem it necessary, but no such change shall be made for at least a period of five years from this date, and the same shall be made by three-fourths of the members of the association present and voting at any regular meeting.

"*Fifth.* We, the said lot-holders, agree to pay to the association the cost of procuring and placing a stone curbing, and making new sidewalks of ten feet in width, with board footwalks four feet wide, a sum not exceeding.........for each thirty feet front.

" In witness whereof we have hereunto set our hands this .........day of........ 1880."

For the plaintiff in error, *Samuel A. Patterson* and *Joseph Coult.*

For the defendant in error, *Hawkins & Durand.*

The opinion of the court was delivered by

GARRISON, J.   In an action of ejectment brought by a municipal body having control of its highways against Sophie W. Berthall, the plaintiff's case was that the defendant had encroached upon Heck avenue in Ocean Grove by extending her porch into the highway.   The defendant's contention was that the plaintiff could not maintain the action of ejectment because it had vacated that part of Heck avenue upon which her porch was built, and had authorized her to make an exclusive use of the part so vacated.   This contention is without foundation.   The municipal resolution upon which it is placed is in no sense a vacation of any part of the highway, or an abandonment of the ordinary municipal control over the rights of the public therein.   Under it the defendant acquired no estate and got no right to occupy the land in the street other than as a part of the highway.   The fact that by the resolution a strip of the highway was devoted temporarily to purposes of ornamentation instead of travel does not militate against the right and duty of the city to repel an unlawful occupancy.   A reading of the resolution makes this clear.

The case is ruled by *Dummer* v. *Selectmen of Jersey City, Spenc.* 86 ; *Hoboken Land and Improvement Company* v. *Hoboken,* 7 *Vroom* 540 ; *Price* v. *Plainfield,* 11 *Id.* 608.

Even if the resolution created a right in the defendant in the nature of an easement, the action of ejectment is still the appropriate remedy.   *Burnet* v. *Crane,* 27 *Vroom* 285.

In the Supreme Court the judgment was sustained upon the additional ground that, assuming the plaintiff's right to bring ejectment, it must be brought for the whole of the tract in front of the defendant's lot and could not be maintained for the portion that was unlawfully occupied.   This view was

tenable only when the plaintiff is treated solely as a lessor and the defendant as a mere lessee. When, however, the parties are regarded respectively as a municipal government and an encroacher upon the public highway, the doctrine propounded has no apt application. I know of no rule that prevents a plaintiff in ejectment from suing for less than he is entitled to ; and where the defendant is not unlawfully occupying the rest of the tract there is a marked propriety in limiting the *locus in quo* to the part that has been unlawfully appropriated.

The judgment of the Circuit Court is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, VAN SYCKEL, ADAMS, BOGERT, NIXON, VREDENBURGH.    9.