TOWNSHIP OF RIVERSIDE, PLAINTIFF, DEFENDANT IN ERROR, v. PENNSYLVANIA RAILROAD COMPANY, DEFENDANT, PLAINTIFF IN ERROR.

Submitted July 9, 1906—Decided March 4, 1907.

1. An action of ejectment will lie by a municipality against a person unlawfully encroaching upon a public highway under its control.

2. If the evidence is conflicting, whether the *animus dedicandi* is established is for the jury.
3. Mere adverse user of the *locus in quo,* acquiesced in for twenty years, will conclusively show an abandonment to the public. *Quære.* Will such acquiescence for a less period of years do so?

On error to the Supreme Court.

For the plaintiff in error, *Gaskill & Gaskill.*

For the defendant in error, *George M. Bacon* and *Clarence T. Atkinson.*

The opinion of the court was delivered by

Fort, J. The Camden and Amboy Railroad Company, of which the plaintiff in error is the lessee, is the owner of the fee of a strip of land lying north of the railway station and right of way of the said company at Riverside in this state, which it has owned since 1833.

The strip of land was allowed to be unfenced and as a common for many years.

On the north side of this strip of land there is a road or street, known as Lafayette avenue, which, upon the brief of the plaintiff in error, is conceded to be a public road or highway by dedication.

In 1901, the Camden and Trenton Traction Railway Company laid its tracks in said Lafayette avenue and close to the northerly line of the strip of land of the railway company aforesaid. Thereupon, the railway company fenced in its strip of land or common in accordance with the lines in its deed of conveyance of April 27th, 1833.

The authorities of the township of Riverside, the defendant in error, then began this suit in ejectment to recover possession of an easement in the land so fenced.

The land described in the declaration covers the whole strip or common, and the plea defends as to the whole and every part thereof.

The verdict is for a part of the land mentioned in the

declaration only, being a small wedge-shaped strip, on the northwest corner and the north side of the land.

It is first objected that a verdict for a part only of the land sued for in ejectment cannot be recovered; that the verdict must be for all or for none.

The complete answer to this is that by our statute the verdict may be for a part only of the land described in the declaration. *Gen. Stat., p.* 1281, § 41.

It is also urged upon the brief that ejectment will not lie to recover the enjoyment of a public easement in a highway.

No authority is cited to sustain this contention. There is an abundance of authority the other way.

In such a case the right to the fee and the right to the easement in the same land are rights independent of each other. Each party may protect himself by appropriate actions, one to maintain possession of the fee and the other to protect himself in the enjoyment of his easement. *New. Eject.* 31, § 20; *Morgan* v. *Moore,* 3 *Gray* 319, 322; *Hancock* v. *Wentwort,* 5 *Metc.* 450; *Price* v. *Plainfield,* 11 *Vroom* 608.

This court has determined that it is the right of a municipality to maintain ejectment against a person unlawfully encroaching upon a public highway. *Ocean Grove* v. *Berthall,* 34 *Vroom* 312; *Asbury Park* v. *Hawxhurst,* 38 *Id.* 582.

The brief on this point states the contention of the plaintiff in error as follows:

"An action of ejectment may be maintained to recover possession of dedicated lands, but there is no decision which goes so far as to say that in an action of ejectment proof may be introduced of such adverse user as will disclose an *animus dedicandi,* and that there is a possession or user thereby."

It is difficult to comprehend the force or meaning of the last clause of this quotation. But, eliminating that and considering so much of it as is comprehensible, it seems a strange proposition. It concedes that an *animus dedicandi* may exist, and that, if shown, it will establish a right in the public to the possession of the easement which it has thus acquired. Yet, it is asserted, that when the existence of the easement is denied and the public, by ejectment, seeks to recover possession, that

evidence, legally admissible to establish a dedication or user or both, and hence the easement is inadmissible. It would be difficult to prove any case on that theory of the admissibility of evidence.

The other assignments relied upon on the brief were the refusal of the court to nonsuit or to direct a verdict for the defendant.

We are unable to see how on the proof the court could have done either. There was evidence for the jury showing an adverse user by the public of the part of the land described in the verdict for upwards of forty years. It also appeared by the proof that the public authorities had worked and repaired the *locus in quo* mentioned in the verdict and treated it as a public highway since 1865, and that during all that period it was used generally by the public as a public highway to the knowledge of the plaintiff in error and its predecessors in possession and successors in title.

What will constitute a dedication to the public use by acquiescence is stated by Mr. Justice Van Syckel in Wood *v.* Hurd as follows:

"The right of the public accrues by such acquiescence as carries with it the intention of the owner to subject his fee to the public use; and mere acquiescence for twenty years, unaccompanied by any act which repels the presumption of such intention, is conclusive evidence of abandonment to the public. It must be a use by the public of the neighborhood and not a use confined to one or two individuals." *Wood* v. *Hurd, 5 Vroom* 87.

The law is correctly stated in this quotation, except that we do not accede to the suggestion, if it be there made, that acquiescence in a user by the public is of necessity required to cover a period of twenty years to give the public an easement. That question is not decided, as it is not necessary to pass upon it in this case for the reason that the trial judge charged that twenty years' adverse user was necessary, and the jury have found that such a user existed.

There is quite a diversity of opinion in the reported cases

on the question of the length of time that acquiescence or adverse user is necessary to establish a dedication. 13 *Cyc.* 488, § 4, *tit. "User A,"* and 482*d*.

There is no error in the record, and the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.  16.

*For reversal*—None.