## CRANE v. DELAWARE, L. & W. R. CO.

(Circuit Court of Appeals, Third Circuit. September 30, 1924.)

No. 3131.

**1. Dedication ⬫⟶20(6)—Acts held dedication of railroad crossing as public highway.**

User by the public of a crossing over railroad tracks for more than 20 years with the acquiescence of the railroad company, the planking of the crossing by the company and the placing of whistling posts on either side, requiring trainmen to give the signals provided by statute for public crossings, *held* sufficient to constitute a dedication of the crossing as a public highway.

**2. Railroads ⬫⟶350(13) — Contributory negligence at crossing held question for jury.**

The question of contributory negligence of a person injured at a railroad crossing *held* one for the jury.

**3. Trial ⬫⟶252(1)—Refusal of instruction not applicable to the evidence not error.**

The refusal of a requested instruction which is not applicable to the evidence is not error.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action at law by William E. Crane against the Delaware, Lackawanna & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Frederic B. Scott, of New York City, for plaintiff in error.

Kalisch & Kalisch, of Newark, N. J. (Harry Kalisch, of Newark, N. J., of counsel), for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

DAVIS, Circuit Judge. On February 14, 1921, a train operated by the Delaware, Lackawanna & Western Railroad Company, hereinafter called defendant, struck the plaintiff's automobile at what is known as Quarry Crossing, Somerset county, N. J. This suit was brought to recover damages for personal injury to the plaintiff and to

his automobile. The case was tried to the court and jury, which rendered a verdict for the plaintiff, and the defendant brought the case here on writ of error. The alleged errors are the refusal of the learned trial judge to direct a verdict for defendant and to charge in the specific language of defendant's request.

[1] The defendant contends that a verdict should have been directed, because there was no evidence that Quarry Crossing was a public highway, and therefore it was error to submit that question to the jury. There was no evidence of a formal dedication of this crossing as a public highway, but an intention to dedicate may be presumed from an unexplained acquiescence in public user. Time is not an essential ingredient in the act of dedication, unless it rests upon user under the acquiescence of the owner of the fee. Dedication in all cases is a question of intention. The animus dedicandi must be proved by the acts of the owner and the circumstances under which the use has been permitted. The length of time necessary to raise the presumption depends upon the circumstances in each particular case. No absolute rule can be laid down, but the Supreme Court of New Jersey has stated it as follows: "Where the only evidence of dedication is user by the public, unaccompanied by any circumstance or act indicating an intention to dedicate, or where the public or individuals have not acted upon the acquiescence in such a way that its retraction would materially affect the public accommodation and private rights, and thus evince bad faith in the owner, the weight of authority is, that such user, from analogy to the statute of limitations, must be for twenty years, to establish the public right." Wood v. Hurd, 34 N. J. Law, 87, 90; State v. Central Railroad Co. of New Jersey, 32 N. J. Law, 220. The Court of Errors and Appeals of that state, however, has expressed a doubt as to whether it is necessary that the adverse user should cover a period of twenty years in order to give the public an easement. Riverside v. Pennsylvania Railroad Company, 74 N. J. Law, 476, 479, 66 Atl. 433.

There was evidence that the public user of this crossing had continued for more than twenty years before the accident. It was sometimes used to reach a quarry and sometimes it was used to go up through the woods to other roads. In such public user the defendant acquiesced and such acquiescence constituted dedication. Wood v. Hurd, supra; Riverside v. Pennsylvania Railroad

Company, supra. Not only the acquiescence, but the active conduct of the defendant, strengthens this position. The act of 1903 of New Jersey provides that railroad companies shall place upon every engine a bell weighing not less than 30 pounds and attach a whistle to each engine, and either ring the bell or sound the whistle 900 feet before crossing a highway and the bell shall be rung continuously and the whistle sounded at intervals until the highway has been crossed. P. L. 1903, § 35, p. 663. The defendant placed whistling posts about 1,000 feet on each side of this crossing to notify engineers when to begin ringing the bell or sounding the whistle. The testimony shows that the bell was rung or the whistle was sounded as the statute required for a public highway. The installation of these posts and the observance of the statutory requirements for a public highway would affirmatively indicate an intention to dedicate the crossing as a public highway. The crossing was also planked as other public crossings are.

Whether or not a road or crossing is a highway in which the public has an easement is "a mixed question of law and fact, to be found by the jury under the direction of the court, upon consideration of all the circumstances of the case." Wood v. Hurd, supra. But in the case at bar, there was no substantial contradiction of the facts and the learned trial judge, accordingly, treated the crossing as a public highway. To have instructed the jury, as requested, on the question of private crossings would have been academic and confusing under the facts and finding of the jury in this case.

[2] The defendant further contends that the trial judge should have directed a verdict because of contributory negligence of the plaintiff. This was a jury question under the evidence in this case and it was properly submitted to the jury which found against the defendant.

[3] A further assignment was the refusal of the judge to charge that, "mere proof of the accident in this case is not evidence of negligence upon the part of the railroad company, neither is it evidence that the defendant's engineer in control and operation of the train was careless, imprudent or unskillful." This request was directed to the allegation in the complaint that defendant employed and retained in its service careless, imprudent and unskilled persons to manage and operate the train. The defendant offered evidence tending to establish that the engineer in charge was a careful and

prudent man. This was in no way rebutted. In fact the plaintiff offered no evidence on the subject. The pleadings, not being offered or admitted in evidence, were not evidential, and the refusal to charge the request was not prejudicial, as there was nothing before the jury calling for such instruction.

The judgment of the District Court is affirmed.